UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSVALDO CORREA-MARTINEZ,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAHWAY HOSPITAL, et al.,<br><br>　　　　　　　　Defendants. | Civ. Action No. 21-cv-11076 (JXN) (ESK)<br><br>**OPINION** |

**NEALS**, District Judge

　　Plaintiff is a convicted and sentenced state prisoner at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint alleging claims under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court will dismiss the Complaint in its entirety.

**I.　BACKGROUND**

　　The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. This case arises from the alleged inadequate medical care that officials provided Plaintiff after he fell in the bathroom and broke his hand. Plaintiff names Rahway Hospital, Ruquers Health Care, East Jersey State Prison, Nurse Tokunbo Oriola, Nurse "Jane Doe," Nurse Supervisor Monica Scarhourho, and Sergeant McGuire as defendants.

On July 9, 2020, Plaintiff fell in the bathroom about forty-five minutes after he went for his medication. (*See* ECF No. 1, at 5.) The fall broke Plaintiff's hand. (*Id.*)

After the fall, Defendant McGuire sent Plaintiff to the medical department. (*Id.*) When he arrived, Defendant Oriola and the "Jane Doe" nurse told Plaintiff that he had not broken his hand and sent him back to his cell without calling the doctor. (*Id.* at 5–6.)

Later that night, an unidentified officer sent Plaintiff back to the medical department because he was in a great deal of pain. (*See id.* at 6.) This time, according to Plaintiff, a different nurse saw Plaintiff and called the doctor. (*Id.*) The doctor told the nurse to give Plaintiff a Toradol injection, 800 milligrams of Motrin, and ice. (*Id.*)

The next morning, the doctor saw Plaintiff again and sent him to Defendant Rahway Hospital. (*Id.*) Although the staff at Rahway Hospital determined that his hand was broken, he never saw an orthopedic (sic). (*Id.*)

Plaintiff alleges that the Defendants were negligent and committed medical malpractice. (*Id.* at 6–7.) He seeks $10,000,000 for his injuries. (*See id.*)

## II. **LEGAL STANDARD**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

Moreover, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, at 2.) "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). The Court liberally construes the Complaint as asserting Eighth Amendment inadequate medical care claims.[1]

---

[1] To the extent the Complaint asserts state law negligence and medical malpractice claims, this Court declines to exercise supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(c)(3).

3

### A. Persons amenable to suit under Section 1983

The Complaint asserts Section 1983 claims against Rahway Hospital, Ruquers Health Care, and East Jersey State Prison, among others. As explained below, the Court will dismiss these claims with prejudice because these Defendants are not "persons" subject to liability under Section 1983.

Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person." *See id.* It is well-established that state prisons and hospitals are not "persons" subject to liability under Section 1983. *See Murphy v. Ancora Psychiatric Hosp.*, No. 15-8410, 2016 WL 3647994, at *2 (D.N.J. July 8, 2016) (dismissing Section 1983 claims against state-run hospital because the hospital was not a "person" within the meaning of Section 1983); *Williams v. SCO*, No. 15-5609, 2015 WL 5110913, at *2 (D.N.J. Aug. 31, 2015) ("Northern State Prison is not a 'person' for purposes of § 1983 litigation.").

Here, Plaintiff's claims against East Jersey State Prison and Rahway Hospital fail because, as a state prison and hospital, respectively, neither is a "person" subject to liability under Section 1983. *See Murphy*, 2016 WL 3647994, at *2; *Williams*, 2015 WL 5110913, at *2. Analogously, Plaintiff's claims against Ruquers Health Care also fail because it is not a "person" within the meaning of Section 1983. The Court, therefore, will dismiss Plaintiff's Section 1983 claims against Rahway Hospital, Ruquers Health Care, and East Jersey State Prison with prejudice.

### B. Personal involvement

The Complaint also asserts a Section 1983 claim against Defendant McGuire. The Court will dismiss Plaintiff's claim against him, however, because Plaintiff fails to allege or plead facts suggesting his personal involvement.

"Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged wrongs." *Hatfield v. Berube*, 714 F. App'x 99, 102 (3d Cir. 2017). Here, Plaintiff merely alleges that Defendant McGuire sent Plaintiff to the medical department after Plaintiff fell and broke his hand. (*Id.* at 5.) Such allegations do not amount to personal involvement in the alleged wrongs of which Plaintiff complains. Accordingly, the Court will dismiss the claim against Defendant McGuire **without prejudice** for failure to state claim.

### C. Supervisor liability

Next, the Court construes the Complaint as asserting a Section 1983 claim predicated on supervisor liability against Defendant Scarhourho in her capacity as Nurse Supervisor. For the reasons below, the Court will dismiss this claim **without prejudice**.

As a general rule, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties."). Nonetheless, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates.

Under the first approach, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691. A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory" (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)).

Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Plaintiff has not plead sufficient facts to establish supervisor liability against Defendant Scarhourho. (*See* ECF No. 1, at 5–7.) For example, Plaintiff does not allege that Defendant Scarhourho established a policy, practice, or custom that caused his constitutional

harm or that she participated in the alleged wrongs, directed the other nurses to violate them, or had knowledge of and acquiesced in the other nurses' conduct. (*See id.*) The only mention of Defendant Scarhourho in the Complaint appears in the case caption. (*See id.* at 1.) Accordingly, Plaintiff has not stated a supervisor liability claim against Defendant Scarhourho, and the Court will dismiss without prejudice Plaintiff's claim against her.

### D.  Inadequate medical care claims

Finally, the Complaint alleges claims of inadequate medical care against the remaining Defendants, Nurse Tokunbo Oriola and the "Jane Doe" nurse. The Court will dismiss these claims **without prejudice** for failure to state a claim.

The Eighth Amendment's cruel and unusual punishment clause allows prisoners to sue prison officials who are deliberately indifferent to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–08 (1976). To state an inadequate medical care claim, an inmate must allege facts showing (i) a serious medical need, and (ii) prison officials' acts or omissions that indicate deliberate indifference to that need. *Id.*

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). A court may also determine the seriousness of the inmate's medical need by reference to the effect of denying a particular treatment. *Id.* A condition is serious if denial of a particular treatment would cause death, degeneration, or extreme pain. *See id.*

Deliberate indifference is a "subjective standard of liability consistent with reckless as that term is defined in *criminal* law." *See Nicini*, 212 F.3d at 811 (emphasis added). To be found liable, the prison official must know of and disregard an excessive risk to inmate health or

safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994).  A plaintiff, therefore, must allege and plead enough factual matter to allow the court to infer reasonably that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk.  *See id.*; *see also Iqbal*, 556 U.S. at 678.  "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind do not constitute 'deliberate indifference.'"  *Ayala v. Terhune*, 195 F. App'x 87, 90 (3d Cir. 2006).

Courts in the Third Circuit have found deliberate indifference in a variety of contexts, including where: (1) prison authorities deny reasonable requests for medical treatment; (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it; (3) necessary medical treatment is delayed for non-medical reasons; and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017).  Regardless of the context, however, the defendant must have, and the plaintiff must allege, the sufficiently culpable state of mind noted above.  *Farmer*, 511 U.S. at 838 ("[O]ur cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment.").

Here, the Complaint sufficiently alleges a "serious medical need" to survive this initial screening.  Plaintiff alleges that he broke his hand and that a physician prescribed him Toradol to treat his pain.  (*See* ECF No. 1, at 6.)  Moreover, Plaintiff alleges that medical officials put his hand in a cast.  (*See id.*)  Such allegations are sufficient to demonstrate a serious medical need. *See Monmouth County*, 834 F.2d at 347.

The Complaint, however, fails to satisfy the "deliberate indifference" prong. Plaintiff fails to allege or plead facts that suggest that Defendant Oriola and the "Jane Doe" nurse had the requisite mental state, *i.e.*, that they were subjectively aware of a substantial risk of serious harm to Plaintiff. (*See* ECF No. 1, at 5–6.) Plaintiff merely alleges that Defendant Oriola and the "Jane Doe" nurse examined his hand and determined that he had not broken it when, in fact, he had broken it. (*See id.*) At most, this amounts to negligence, not deliberate indifference. *See Ayala*, 195 F. App'x at 90 (noting that neither negligence nor medical malpractice constitutes deliberate indifference).

Although Plaintiff also alleges that Defendant Oriola stated, "Oh you again, what happen (sic) now[?]" before he examined Plaintiff's hand, (*see* ECF No. 1, at 5), this is insufficient for the Court to infer reasonably that Defendant Oriola knew of a substantial risk of harm to Plaintiff and disregarded it. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 836–37. Plaintiff, therefore, has not stated an inadequate care claim against Defendant Oriola and the "Jane Doe" nurse, and the Court will dismiss these claims **without prejudice**.

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against Rahway Hospital, Ruquers Health Care, and East Jersey State Prison. The Court will also dismiss without prejudice Plaintiff's claims against Defendants Scarhourho, McGuire, Oriola, and the "Jane Doe" nurse. With respect to the latter claims, Plaintiff may file an amended complaint if he believes that he can allege facts curing the above deficiencies and entitling him to relief. An appropriate Order follows.

JULIEN XAVIER NEALS  
United States District Judge

Dated: November 8, 2021